**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT EUGENE REICHNER, JR.,** | : | **No. 3:25-CV-1325** |
| | : | **(Caraballo, M.J.)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK J. BISIGNANO, Commissioner of Social Security Administration,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

## I. Introduction

Plaintiff Robert Reichner, Jr., seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction pursuant to Title 42, United States Code, Section 405(g), and Title 28, United States Code, Section 636(c).

Reichner raises two primary challenges to Administrative Law Judge ("ALJ") Charles Dominick's determination that Reichner was not disabled under the Social Security Act. First, Reichner contends that the ALJ failed to properly evaluate medical opinion evidence and determine Reichner's residual functional capacity. Doc. 9 at 29. Second, Reichner posits that the ALJ failed to properly evaluate his personal testimony. *Id.* at 43. The matter is fully briefed and ripe for decision.

As explained below, ALJ Dominick's residual functional capacity determination was not supported by substantial evidence because he failed to explain why, despite finding the relevant medical opinions partially persuasive, he declined to incorporate their limitation to one or two step tasks. This discrepancy precludes meaningful judicial review because, absent further explanation from the ALJ, the Court cannot discern whether the limitation was considered and intentionally rejected, or inadvertently omitted. Accordingly, the Court vacates the Commissioner's decision to deny Reichner's claims for social security disability benefits and remands this case for proper consideration of the identified one or two step task limitation.

## II. **Background**[1]

On May 18, 2022, Reichner applied for disability insurance benefits, alleging disability beginning February 4, 2022, due to anxiety, major depressive disorder, back pain, cervical spine impairment, degenerative disc disease, dysthymic disorder, lumbar spine impairment, hypertension, neck pain, panic disorder with agoraphobia, and gastroesophageal reflux disease. Tr. 93, 257-63, 292. The Social Security Administration ("SSA") denied Reichner's application on November 3, 2022, *id.* at 93-104, and again upon reconsideration on July 14, 2023. *Id.* at 105-16. Reichner accordingly requested and received a hearing on March 18, 2024. *Id.* at 41-72, 141-42.

On July 30, 2024, ALJ Dominick issued a decision concluding that Reichner was not disabled. *Id.* at 15-40. Reichner appealed to the Social Security Appeals Council on September 12, 2024. *Id.* at 235-43. The Appeals Council denied his request on May 30, 2025. *Id.* at 1-7.

---

[1] As the parties and the Court are well-acquainted with the facts underlying this appeal, the Court only provides a brief summary of the procedural history, and addresses the pertinent facts in the discussion below.

The instant appeal followed. Doc. 1. The parties then filed their respective briefs, leaving this matter ripe for decision. Docs. 9-11.

## III. Discussion

### A. Standard of Review

Review of the Commissioner's decision denying a claimant's application for social security disability benefits is limited to determining whether the factual findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial in this context is "more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). Put more pointedly, it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In an adequately developed record, this can mean "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision]

from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n.*, 383 U.S. 607, 620 (1966) (citations omitted).

Under this deferential standard, "[f]actual findings which are supported by substantial evidence must be upheld." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012) (citations omitted); 42 U.S.C. § 405(g). This Court's role is not to re-weigh the evidence and make factual determinations, but to simply review the record and ensure that the ALJ provided "a discussion of the evidence and an explanation of reasoning for her conclusion sufficient to enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations and quotations omitted). An ALJ meets that standard by stating "in her decision which evidence she has rejected and which she is relying on as the basis for her finding." *Schaudeck v. Comm'r of SSA*, 181 F.3d 429, 433 (3d Cir. 1999) (citations omitted). Moreover, when there is countervailing evidence, an ALJ must "give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted); *see also* *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993) (holding that substantial evidence

standard is unmet when the ALJ fails to resolve conflicts created by countervailing evidence).

### B. The ALJ's Failure to Explain the Exclusion of a One or Two Step Task Limitation

Reichner posits that, notwithstanding ALJ Dominick's determination that the opinions of two state agency psychologists were partially persuasive, the ALJ failed to include in his residual functional capacity recommendations that Reichner could perform jobs involving "simple one or two step tasks." Doc. 9 at 41; *see* Tr. 102, 114. Specifically, Reichner contends that ALJ Dominick's failure to address the limitation to one or two step tasks is highly prejudicial and conflicts with the ALJ's step five determination, which concluded that Reichner could perform jobs requiring reasoning levels of 2 and 3. Doc. 9 at 41. The Commissioner responds that the ALJ was not required to adopt the above stated limitation, and that, in any event, "one 'or' two steps is not the same as one 'to' two steps," and thus, no conflict exists. Doc. 10 at 11 n.1.

The ALJ is tasked with assessing a claimant's residual functional capacity. 20 C.F.R. § 404.1546(c); SSR 96-8p, 1996 WL 374184 (S.S.A.

1996). "Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999)). A residual functional capacity reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five of the ALJ's analysis. 20 C.F.R. §§ 404.1520, 404.1545; SSR 96-8P, 1996 WL 374184, at *2. Although all evidence of record is considered, the ALJ's determination must be supported by medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

The ALJ need not adopt every limitation expressed by an expert, as it is well-established that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and [residual functional capacity] determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Nevertheless, "while the ALJ may choose which medical opinions are persuasive, for each limitation opined necessary by a persuasive medical source, the ALJ is obligated to either: (1) incorporate that limitation in the claimant's [residual functional capacity], or (2) explain the basis for

discounting that limitation. Such an obligation ensures that any omission was intentional and supported by substantial evidence in the record." *Lombardo v. Bisignano*, 2026 WL 674198, at *1 (M.D. Pa. 2026) (citations and quotations omitted).

With these obligations in mind, several courts have recently held that an ALJ's "unexplained failure [] to incorporate a one-to-two-step task limitation set forth in a medical opinion deemed persuasive constitutes error which may compel remand." *Id.*; *see also* *Simon v. Kijakazi*, 2022 WL 828935, at *10 (M.D. Pa. 2022) ("While the ALJ certainly was not required to include this [one-to-two step] limitation, the ALJ was required to explain the failure to include this limitation, particularly because the ALJ found this opinion to be generally persuasive and supported by the record."); *Shipman v. Kizakazi*, 2023 WL 5599607, at *8 (M.D. Pa. 2023) (same); *Pokorny v. Kijakazi*, 2023 WL 6988360, at *6 (M.D. Pa. 2023) (same).

At issue here are the medical opinions of two state agency psychologists, Melissa Lynn Franks, Psy.D., and Karen Evelyn Weitzner, Ph.D. On November 2, 2022, Dr. Franks completed a Psychiatric Review Technique and Mental Residual Functional

Capacity Assessment, in which she identified mild to moderate mental impairments and opined that Reichner "could manage, understand, and complete simple one or two step tasks." Tr. 102. Dr. Weitzner completed the state agency reassessment on June 23, 2023, affirming the mild to moderate impairments and one or two step task limitation identified by Dr. Franks, except that Reichner had no significant limitations in his ability to (1) accept instructions and respond appropriately to criticism from supervisors, or (2) get along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id.* at 113-14.

ALJ Dominick deemed both opinions "partially persuasive," reasoning that the experts' assessment of mild limitations in Reichner's ability to understand, remember, and apply information was inconsistent with other examinations in the record, which indicated impaired memory.[2] *Id.* at 29. Accordingly, the ALJ deemed this

---

[2] The Court notes that, to the extent state agency experts opined that Reichner had only mild limitations in his ability to understand, remember, and apply information, while simultaneously finding he had the mental capacity to "manage, understand, and complete simple one or two step tasks," these conclusions are "inherently contradictory." *See* *McCleary v. Bisignano*, 2026 WL 625113, at *5 (M.D.

evidence "consistent with a moderate limitation in [Reichner's] understanding, remembering, or applying information." *Id.* In other words, ALJ Dominick departed from the medical opinions only to the extent that they *understated* certain mental limitations, and, on that basis, determined that greater restrictions were warranted. The ALJ nevertheless failed to address one of the more restrictive limitations identified by the experts—a limitation to one or two step tasks—either by incorporating it into Reichner's residual functional capacity or explaining that omission. Absent such an explanation, the Court is unable to discern whether the one or two step task limitation was considered and intentionally rejected or, rather, inadvertently omitted. To this extent, the ALJ's decision is not supported by substantial evidence. Further, this error is not harmless and warrants remand for the reasons discussed below.

---

Pa. 2026) (discussing this scenario and explaining that such "findings are inherently contradictory since, under the Dictionary of Occupational Titles, the ability to perform one-to-two-step tasks confines a worker to reasoning level 1 jobs, the most severe restriction on workplace reasoning"). Accordingly, the Court cautions the Commissioner against the "casual conflation of one-to-two step [residual functional capacities] in medical opinions with widely varying opinions regarding the claimant's degree of impairment." *Id.* at *14.

The Dictionary of Occupational Titles ("DOT") describes the general educational development of each occupation, including the required reasoning development levels. The DOT explains that, in occupations with a reasoning level of 1, satisfactory job performance requires that an employee be able to "[a]pply commonsense understanding to carry out simple one-or two-step instructions." DOT, Appendix C, 1991 WL 688702. In occupations with a reasoning level of 2, satisfactory job performance requires that an employee be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, Appendix C, 1991 WL 688702. Courts have interpreted this to mean that, generally, a limitation to one or two step tasks is consistent with occupations requiring a reasoning level of 1, but *inconsistent* with occupations requiring reasoning levels of 2 or above. *See, e.g.*, *Shipman*, 2023 WL 5599607, at *10; *Ferrebee v. Kijakazi*, 2022 WL 905153, at *4 (M.D. Pa. 2022); *Lombardo*, 2026 WL 674198, at *2.

Here, ALJ Dominick determined that Reichner "can understand, remember, and carry out simple instructions." Tr. 24. Based on this finding, the ALJ concluded that Reichner could not return to his past

work but could perform other work in the national economy, namely, reasoning level 2 or 3 occupations that exceeded the one or two step task limitations opined by the state agency experts.[3] Because ALJ Dominick did not identify at least one occupation existing in significant numbers that Reichner can perform with a reasoning level of 1, the ALJ's failure to explain his decision not to incorporate the one or two step task limitation is not harmless error. *See* *Michelle M. v. Bisignano*, 2025 WL 2713737, at *8 (M.D. Pa. 2025). Accordingly, the Court will remand this case to the Commissioner for further consideration.

While the Court concludes that this error compels a remand, nothing in this opinion should be deemed as expressing a judgment on what the ultimate outcome of any reassessment should be. Instead, that judgment remains entirely within the province of the ALJ.[4]

---

[3] During the hearing, the vocational expert testified that the following jobs were available to the hypothetical individual ALJ Dominick described, which the ALJ relied upon in determining that other work existing in significant numbers in the national economy was available to Reichner: (1) clerk, DOT 209.587-010 (reasoning level 2); (2) ticket checker, DOT 219.587-010 (reasoning level 3); and (3) document preparation clerk, DOT 249.587-018 (reasoning level 3). Tr. 67-68.

[4] Because the Court has determined that remand is required to properly consider the one or two step task limitation, the Court declines to address Reichner's remaining challenges. The Court nevertheless recognizes the detail and

## IV. Conclusion

For the reasons set forth above, the Court will **VACATE** the decision of the Commissioner and **REMAND** this case for further proceedings. A separate order shall follow.

Date: October 9, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge

---

thoroughness of the ALJ's decision and notes that, to the extent any remaining contention would require re-weighing the evidence already considered by the ALJ, it would not afford a basis for disturbing the ALJ's decision. *See* *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).